Lamara Nodarovna LATSABIDZE;
Tamaz Latsabidze,
Petitioners,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

No. 08–71601.

United States Court of Appeals,
Ninth Circuit.

Submitted July 19, 2010.*

Filed Aug. 2, 2010.

Inna Lipkin, Esquire, Counsel, Law Offices of Inna Lipkin, Redwood City, CA, for Petitioners.

Arthur Leonid Rabin, Trial, OIL, DOJ—U.S. Department of Justice, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: B. FLETCHER, REINHARDT, and WARDLAW, Circuit Judges.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**MEMORANDUM** \*\*

Lamara Nodarovna Latsabidze and Tamaz Latsabidze, citizens of Georgia, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen based on ineffective assistance of counsel. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen and de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir.2005). We deny in part and dismiss in part the petition for review.

The BIA acted within its discretion in denying petitioners' motion to reopen because petitioners did not establish that former counsel "failed to perform with sufficient competence." *See Mohammed*, 400 F.3d at 793. It follows that petitioners' claim that the BIA violated due process fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error for a petitioner to prevail on a due process claim).

We lack jurisdiction to consider petitioners' contention that former counsel's appeal brief failed to adequately challenge the immigration judge's decision because petitioners failed to raise this claim with the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (generally requiring exhaustion of claims before the BIA).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.